**GREMIO DE PRENSA, RADIO, TEATRO Y TELEVISION DE PUERTO RICO**

v.

**VOICE OF PUERTO RICO Inc.**

No. 8843.

United States District Court
D. Puerto Rico.
San Juan Division.
April 29, 1954.

Victor M. Bosch, San Juan, P. R., for plaintiff.

Charles R. Cuprill, Ponce, Puerto Rico, for defendant.

RUIZ-NAZARIO, District Judge.

Plaintiff brings this action under the provisions of Section 301, Title III, of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 185.

The allegations of the complaint sufficiently establish a prima facie case under said statute as well as the jurisdiction of this court, thereunder, to have cognizance thereof.

Defendant moves to dismiss the complaint claiming that it fails to state a claim against defendant upon which relief can be granted, and lack of jurisdiction in this court over its subject matter.

At the hearing on said motion, defendant contended that Section 8(b)(6) of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 158(b)(6), precludes this court from entertaining jurisdiction in this action allegedly because the agreement which plaintiff seeks to enforce herein might constitute an unfair labor practice under the cited section of said statute and be, thus, illegal.

The complaint, however, does not contain any allegation, nor the least intimation that the agreement on which plaintiff is suing may have been entered into by defendant on account of any "exaction" from plaintiff or that defendant may have been in any way compelled to execute the same by force, threats or any other involuntary means. What flows from the complaint, in this respect, is just the opposite, i. e. that said agreement was entered into by defendant freely and voluntarily.

Moreover, the fact that an unfair labor practice under the act may possibly result or be the subject of charges before the National Labor Relations Board does not deprive the court of jurisdiction to entertain this action. Textile Workers Union of America, CIO v. Arista Mills Co., 4 Cir., 1951, 193 F.2d 529.

Even if the Lea Act, also known as the Petrillo Act, adopted April 16, 1946, as an amendment to The Communications Act of 1934, Title 47 U.S.C.A. § 506(a–d), which appears to be more likely in point with the present controversy, were invoked by defendant in support of its motion to dismiss, defendant's request would still be without merit.

Said Act, which deals directly with radio communication licensees, and makes it unlawful to coerce, compel or constrain or attempt to coerce, compel or constrain a licensee "(4) to pay or give or agree to pay or give any money or other thing of value for services, in connection with the conduct of the broadcasting business of such licensee, which are not to be performed", expressly provides that the enforcement by means lawfully employed of "any contract right heretofore or hereafter existing or of any legal obligation heretofore or hereafter incurred or assumed" shall not be held unlawful under the provisions of said act. Section 506(c), Title 47 U.S.C.A. § 506(c).

Plaintiff precisely seeks to enforce through the lawful means of this court's action a contract right or legal obligation expressly excluded from the ban of said act.

Whether defendant can allege by responsive pleadings hereafter filed, and subsequently establish at the trial, that it was coerced, compelled or constrained by some involuntary means to enter into the agreement in question and further convince the court that by virtue thereof it is entitled to successfully invoke either the Lea Act, Title 47 U.S.C.A. § 506, or the provisions of Section 8(b)(6) of The Labor Management Relations Act, Title 29 U.S.C.A. § 158(b)(6), still remains an open question to be determined by the court in its final decision on the merits.

Defendant's motion to dismiss is accordingly overruled and defendant is granted a period of twenty days to file its responsive pleading to the complaint.